IRMA K. SMITH, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Judgment of Special Term and judgment of City Court reversed on the facts and a new trial granted in the City Court, with costs to appellant to abide the event. Memorandum: The plaintiff claims that the agent who solicited the policy, delivered the same, and collected the premium, was fully informed as to the condition of health of the insured and that the company waived the provisions of the policy relating to the health of the assured. The underlying reason for the rule that imputes an agent's knowledge to his principal is that an innocent third party dealing with the agent may properly presume that the agent will perform his duty. If the plaintiff knew or had reason to believe that the agent would conceal, or not report the information which he possessed to the company, then no such knowledge can be imputed to the company. The plaintiff carried the burden of proving waiver and her own good faith was an essential element thereof. Plaintiff testified that the agent after being told of her husband's poor state of health said: " If we take a policy on my [plaintiff's] life it would look better for the both of us." In answering the questions on the proof of death, plaintiff withheld the true information as to the length of the time of her husband's illness and that he had received hospital treatment for the same in 1937. We think that a finding by the jury that the plaintiff did not know or have reason to know that the agent would conceal or not report his knowledge of the insured's health to his principal is against the weight of evidence. We believe also that the policy issued to the plaintiff and delivered prior to the delivery of the policy of the insured and containing the same provisions as to limitation of the agent's authority was competent upon the issue as to whether the plaintiff had knowledge

of the limitation of the agent's authority. All concur, Cunningham, J., in result, except Dowling and Harris, JJ., who dissent and vote for affirmance in the following memorandum: The charge, coupled with the requests to charge, was sufficient to enable the jury to pass upon the issues with intelligence and understanding. No reversible error was committed on the trial. The issue of fact was a close one but there is evidence to support the jury's verdict. True, in the proof of death the plaintiff failed to mention that the insured had been treated for tuberculosis at the time he signed the application for the policy in suit. In view of the fact that the agent and the company, under the finding of the jury, knew this fact when the policy was delivered, we fail to see how the plaintiff could be charged with concealment of this fact. The defendant had knowledge of the fact and had waived it. All the available proof was before the jury. A new trial is not desirable under such circumstances. The refusal of the court to admit the application signed by the plaintiff is the serious question in the case. *Abbott* v. *Prudential Ins. Co.* (281 N. Y. 375) is not authority for reversing on this ruling. In the *Abbott* case the application sought to be introduced in evidence was the application which the insured had signed, while in the case before us the application sought to be introduced is one signed by the plaintiff and not by the insured. Moreover in the *Abbott* case the insured had procured similar policies from defendant before he had received the one there in suit. Under section 142 of the Insurance Law (former section 58), as amended by chapter 94 of the Laws of 1940, effective March 6, 1940, all applications unless attached to the policies, are inadmissible in evidence, thus showing the intention of the Legislature to abrogate the ruling in the *Abbott* case. Under these circumstances we should not apply the ruling in the *Abbott* case to applications which are signed by the beneficiary for insurance on her own life. The judgment should be affirmed. (The judgment of Supreme Court, Erie Special Term, affirms a judgment for plaintiff of the Buffalo City Court in an action under a life insurance policy.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.